**Original filed 2/27/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES PAUL GILMORE, JR., | ) | No. C 06-3624 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING REQUEST |
| | ) | FOR EXTENSION OF TIME; |
| vs. | ) | GRANTING MOTIONS TO |
| | ) | PROCEED IN FORMA |
| | ) | PAUPERIS; ORDER TO SHOW |
| JEANNE WOODFORD, | ) | CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED |
| | ) | FOR FAILURE TO EXHAUST |
| Respondent. | ) | STATE REMEDIES |
| | ) | (Docket Nos. 2, 4, 5) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the calculation of his custody credits pursuant to his parole revocation. Petitioner has filed a request for extension of time to submit his in forma pauperis application and two motions to proceed in forma pauperis. Petitioner has provided documentation of his attempts to exhaust his claim through the administrative appeal process. However, Petitioner does not state that he presented his claims to the California Supreme Court prior to filing the instant petition. The Court will GRANT Petitioner's request for extension of time (docket no. 4) and GRANT Petitioner's motions to proceed in forma pauperis (docket nos. 2, 5).

1  The Court will order Petitioner to show cause why the petition should not be dismissed

2  without prejudice because he has not exhausted his state court remedies prior to filing the

3  instant petition.

4  **STATEMENT**

5  The instant petition was filed on June 8, 2006.  Petitioner challenges the California

6  Parole Board's authority to extend his term of confinement based upon his parole

7  revocation and the calculation of his custody credits.  Petitioner has provided

8  documentation of his first level of appeal in the prison administrative appeal process.

9  However, Petitioner does not allege that he presented any of his claims to the California

10  Supreme Court prior to filing this habeas action.  See Petition at 3-9.

11  **DISCUSSION**

12  Prisoners in state custody who wish to challenge collaterally in federal habeas

13  corpus proceedings either the fact or length of their confinement are first required to

14  exhaust state judicial remedies, either on direct appeal or through collateral proceedings,

15  by presenting the highest state court available with a fair opportunity to rule on the merits

16  of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b)-(c); see

17  also O'Sullivan v Boerckel, 119 S.Ct 1728, 1730 (1999) (state's highest court must be

18  given opportunity to rule on claims even if review is discretionary); Larche v Simons, 53

19  F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least

20  one opportunity to review state prisoners' federal claims).  The exhaustion requirement

21  applicable to federal habeas petitions is not satisfied if there is a pending post-conviction

22  proceeding in state court.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).

23  If, for example, an appeal of a state criminal conviction is pending, a would-be federal

24  habeas petitioner must await the outcome of his appeal before his state remedies are

25  exhausted, even where the issue raised in the petition has been finally settled in the state

26  courts.  Id.  Petitioner cannot present claims to this Court which he has not first raised in

27  the highest state court available, the California Supreme Court, usually by filing a petition

28

Order Granting Request for Extension of Time; Granting Motions to Proceed in Forma Pauperis; Order to Show Cause Why
Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\Gilmore624ifposcexh          2

1  for review or a state habeas petition.

2      Here, Petitioner has not alleged that he presented his claims to the state supreme

3  court prior to filing the instant habeas petition.  Accordingly, the Court issues an Order to

4  Show Cause to Petitioner as to why the petition should not be dismissed without prejudice

5  to refiling once he has exhausted his claims with the state supreme court.  Petitioner shall

6  file a response within **thirty days** of the date of this order addressing: (1) whether he has

7  an appeal, habeas petition or other post-conviction proceeding now pending before the

8  state court; and (2) whether he has presented the claims in the instant petition to the

9  California Supreme Court.  Failure to file a timely response will result in the Court

10  dismissing the instant petition without prejudice for failure to exhaust state court

11  remedies.

12                                      **CONCLUSION**

13      1.      Petitioner's request for extension of time to file his in forma pauperis

14  application (docket no. 4) is GRANTED.

15      2.      Petitioner's motions to proceed in forma pauperis (docket nos. 2, 5) are

16  GRANTED.

17      3.      The Court orders Petitioner to show cause why the instant petition

18  should not be dismissed without prejudice to refiling once he has exhausted his claims

19  with the state supreme court.  Petitioner shall file a response within **thirty days** of the

20  date of this order addressing: (1) whether he has an appeal, habeas petition or other post-

21  conviction proceeding now pending before the state court; and (2) whether he has

22  presented the claims in the instant petition to the California Supreme Court.  **Failure to**

23  **file a timely response will result in the Court dismissing the instant petition without**

24  **prejudice for failure to exhaust state court remedies.**

25      4.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep

26  the Court and all parties informed of any change of address by filing a separate paper

27  captioned "Notice of Change of Address."

28

Order Granting Request for Extension of Time; Granting Motions to Proceed in Forma Pauperis; Order to Show Cause Why
Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\Gilmore624ifposcexh                    3

1    He must comply with the Court's orders in a timely fashion.  Failure to do so may result

2    in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

3    Procedure 41(b).

4          IT IS SO ORDERED.

5    DATED: __ 2/23/07 _____

6                                                    JEREMY FOGEL
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Request for Extension of Time; Granting Motions to Proceed in Forma Pauperis; Order to Show Cause Why
Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\Gilmore624ifposcexh                    4

1

A copy of this ruling was mailed to the following:

2

3    James Paul Gilmore, Jr.
     P-46444
     CA State Prison - Avenal
4    P.O. Box 9
     Avenal, CA  93204

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Request for Extension of Time; Granting Motions to Proceed in Forma Pauperis; Order to Show Cause Why
Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\Gilmore624ifposcexh                 5